Matter of Hinduja Global Solutions, Inc. v HBI Group, Inc. (2023 NY Slip Op 01250)

Matter of Hinduja Global Solutions, Inc. v HBI Group, Inc.

2023 NY Slip Op 01250

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Acosta, P.J., Manzanet-Daniels, Kapnick, Shulman, Higgitt, JJ. 

Index No. 452059/22 Appeal No. 17490 Case No. 2022-05397 

[*1]In the Matter of Hinduja Global Solutions, Inc., et al., Petitioners-Respondents-Appellants,
v
HBI Group, Inc., Respondent-Appellant-Respondent.

Akerman LLP, New York (Joshua D. Bernstein of counsel), for appellant-respondent.
Barry Barnett, New York, for respondents-appellants.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about November 23, 2022, which granted petitioners' motion to compel compliance with their subpoena but limited the time period covered by the subpoena, unanimously modified, on the facts and in the exercise of discretion, to deny the motion as to document requests 1-16, 21(d), 22(d), and 23-30 and corresponding deposition topics 1-16, 21(d), 22(d), 23, 24(b)-(c), 25(b)-(c), and 28-32; to limit document requests 17-18 and deposition topics 17-18 to payments traceable to the Broker Agreement between Hinduja Global Solutions, Inc. and Synergy Global Outsourcing, LLC, but to extend the time period through 2019; to limit document requests 19-20 and deposition topics 19-20 to payments traceable to the July 2017 lease between Mesilla Office Solutions, LLC and HGS Healthcare, LLC, but to extend the time period through 2019; to extend the time period of document requests 21-22 (subparts a-c), deposition topics 21-22 (subparts a-c), and deposition topic 26 through 2019; to extend the time period for deposition topic 25(a) to when the acquisition occurred; and to give respondent HBI Group, Inc. 20 days to comply, and otherwise affirmed, without costs.
HBI Group's contention that the court should have denied petitioners' motion because they failed to provide a sufficient affirmation of good faith is unavailing. The record reflects that petitioners' counsel's affirmation complied with the requirements of 22 NYCRR 202.7(a)(2) and (c).
The court properly found that the information sought by the subpoena was relevant to petitioners' claims in Texas to the extent the subpoena sought to identify who ultimately benefited from the payments made by Synergy to HBI Group that are traceable to the Broker Agreement. However, the subpoena goes far beyond that topic. For example, document request 1 and the corresponding deposition topic seek information about any agreements between Synergy and nine other entities or individuals, and document request 29 and the corresponding deposition topic seek information about any communications between HBI Group and nonparty Ali Ganjaei (its CEO). Clearly, there could be communications between HBI Group and its CEO that have nothing to do with petitioners' counterclaims and third-party complaint in Texas. Similarly, there could be agreements between Synergy and Mesilla that are unrelated to petitioners' claims.
Because the payments under the Broker Agreement allegedly continued until the fall of 2019, we have extended the temporal end point of the subpoena beyond December 31, 2011 for certain requests. Although HBI Group's acquisition of an interest in Synergy apparently occurred within the time frame set by the motion court (2009-11), it is unclear when HBI Group acquired Mesilla, so the temporal restriction for that question is modified to encompass the date of acquisition.
As for HBI Group's concerns about confidentiality, we note that a protective order [*2]is in place in the Texas action. In addition, we have substantially narrowed the scope of the subpoena.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023